# Philadelphia Gas Works v. Beneficial Mutual Savings Bank

[redacted]

*Leonard B. Rosenthal,* for plaintiff.

*C. Clark Hodgson, Jr.* and *John P. O'Dey,* for defendant.

ROSENBERG, *S. J.*, February 10, 1975—It is apparent from the record that plaintiff's security interest in the boiler sought to be replevied pre-dated defendant's purchase at the property at a sheriff's sale on December 2, 1974, and had been perfected prior to the installation of the boiler; therefore, upon default of the purchase agreement, plaintiff had an immediate right to possession of the boiler. Where, as in the case before us, the party in possession refuses to return the property, the remedy is provided by the Uniform Commercial Code, Act of April 6, 1953, P.L. 3, as amended by the Act of October 2, 1959, P.L. 1023, 12A PS §9-503(1). This section is specifically cited in Karp Bros., Inc. v. West Ward S. & L. Ass'n., 440 Pa. 583 (1970), at page 586, together with the following statement:

"In order to clarify any doubt as to what judicial process is available to a secured party in the event he is unable to obtain possession without breaching the peace, the Pennsylvania Legislature added a proviso augmenting the official text of the Code which specifically provided that a secured party 'may proceed by writ of replevin or otherwise.' U.C.C. §9-503(2)" (cited in plaintiff's memorandum, page 2).

The thrust of defendant's preliminary objections, however, is that plaintiff failed to join a necessary party. Defendant alleges that by virtue of transference of the deed to the property in which the boiler was installed to the Department of Housing and Urban Development (hereinafter referred to as HUD), the Secretary of HUD should have been joined since HUD is now the legal and equitable owner of the property. "[T]he general rule is that all persons having constructive or actual possession of the subject property should be made defendants.": 10 Standard Pa. Pract. §61, page 478.

An annotation to this section refers to 145 A.L.R. 905, which narrows the scope of the foregoing statement: "[I]t is a general rule (stated in 46 Am. Jur. 21, Replevin §33) that an action of replevin cannot be maintained against one not in actual or constructive possession of the property sought to be recovered *at the time of the commencement of the action*." (Emphasis added.) Reviewing the pleadings, we note that the property was purchased by defendant on December 2, 1974; that plaintiff's complaint in replevin was filed December 4, 1974, and that the transfer of defendant's interest took place on December 18, 1974. It is thus clear that HUD was neither in actual or constructive possession of the disputed boiler "at the time of the commencement of the action."

Therefore, defendant's preliminary objections are dismissed.

### ORDER

And now, February 10, 1975, defendant's preliminary objections to plaintiff's complaint in replevin are dismissed with leave to file an answer on the merits within 20 days.